IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH E. RICHARDS, | : | 1:13-cv-403 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| KEVIN PIGOS, *et al.* | : | |
| Defendants. | : | |

# MEMORANDUM

## July 18, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter comes before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Martin C. Carlson (Doc. 19), filed on June 20, 2013. The R&R recommends that we grant the Defendants' Motion for Summary Judgment (Doc. 14) and dismiss the Plaintiff's Complaint. (Doc. 1). Objections to the R&R were due by July 8, 2013, and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons that follow, the R&R shall be adopted in its entirety.

**I.    STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

*Pro se* Plaintiff Joseph E. Richards ("Plaintiff" or "Richards"), is an inmate currently housed in the United States Penitentiary in Florence, Colorado ("USP-Florence").[1] Richards initiated the matter *sub judice* with the concurrent filing of a

---

[1] Richards was housed in the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg") upon commencement of this action.

Complaint and Motion for Leave to Proceed *in forma pauperis* on February 15, 2013. (Doc. 1).[2] The essence of Richards' civil rights claim is that, while an inmate at USP-Lewisburg, the correctional medical staff violated his Eighth Amendment rights due to their failure to adequately treat Richards for Hepatitis C.

Specifically, Richards claims that the Defendants have failed to provide him with an interferon regime to treat his Hepatitis C. However, the undisputed facts show that Dr. Kevin Pigos monitored Richards while he was incarcerated at USP-Lewisburg, and all medical tests revealed that Richards was not an appropriate candidate for the treatment he was seeking. Further, the medical staff at USP-Florence reached the same medical conclusion. In fact, medical staff at USP-Florence have indicated that Richards has never required treatment for his Hepatitis C in more than 10 years of monitoring.

Thus, based on the record evidence, it is undisputed that Richards received reasonable medical treatment for his Hepatitis C. The Plaintiff was examined and treated on numerous occasions. The Plaintiff received screenings, tests, and other care. The on-going care that the Plaintiff received is undisputed in the factual

---

[2] Richards' Motion for Leave to Proceed *in forma pauperis* was granted on February 20, 2013. (Doc. 6).

record. For these reasons, Magistrate Judge Carlson recommends we grant the Defendants' motion for summary judgment.[3] We agree with this recommendation.

Accordingly, based on the foregoing analysis, we shall adopt the R&R in its entirety. An appropriate order shall issue.

---

[3] The Plaintiff has also failed to timely oppose the Defendants' motion, or otherwise litigate this case.